UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOUGLAS LANGSTON, | § | |
| | § | Docket No. _____ |
| Plaintiff, | § | |
| | § | JURY TRIAL DEMANDED |
| v. | § | |
| | § | |
| ARCHER DRILLING, LLC | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

### I. SUMMARY

1. Douglas Langston ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") by Archer Drilling, LLC ("Archer Drilling" or "Defendant"). Plaintiff was typically scheduled for 12 hour shifts, 7 days a week, for weeks at a time. But Plaintiff never received overtime for hours worked in excess of 40 in a single work week. Instead of paying overtime as required by the FLSA, Defendant paid their drillers and operators a hybrid base salary and daily rate. This lawsuit seeks to recover the unpaid overtime wages and other damages owed to Plaintiff.

### II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### III. THE PARTIES

4. Douglas Langston worked for Defendant as an MWD Operator during the relevant statutory time period. He is a resident of the Southern District of Texas. His consent is

attached as Exhibit A.

5. Archer Drilling, LLC may be served by serving its registered agent Capitol Corporate Services, Inc. 800 Brazos, Suite 400, Austin, Texas 78701 is headquartered in Houston, Texas and performs substantial business activities in the Southern District of Texas, including throughout the Corpus Christi Division.

## IV. COVERAGE UNDER THE FLSA

6. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8. At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

9. At all times hereinafter mentioned, Plaintiff was engaged in commerce or in the production of goods for commerce.

## V. FACTS

10. Archer Drilling is a global oilfield service company with significant operations in every major United States shale basin. Archer Drilling provides horizontal and directional

drilling services through MWD, LWD, directional drilling, and field support professionals. Langston worked as an MWD Operator.

11. Specifically, Plaintiff's primary job duties included operating oilfield machinery, collecting/relaying data, and reporting reports of daily activities to both field and remote supervisors for analysis. Plaintiff conducted his day to day activities within designated parameters and in accordance with a predetermined well plan. Moreover, the well plan was created, implemented, and regularly maintained by the well site supervisors.

12. Plaintiff's daily and weekly activities were routine and largely governed by standardized plans, procedures and checklists created by Defendant. Virtually every job function was predetermined by Defendant, including the tools to use at a job site, the data to compile, and schedule of work and related work duties. Plaintiff was prohibited from varying his job duties outside of the predetermined parameters. Moreover, the job functions of MWD Operators were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree. Plaintiff did not have any supervisory or management duties. Finally, for the purposes of an FLSA overtime claim, Plaintiff performed substantially similar job duties related to servicing oil and gas operations in the field.

## VI. FLSA VIOLATIONS

13. As set forth herein, Defendant has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

14. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff overtime compensation. Defendant's failure to pay overtime compensation to Plaintiff was neither reasonable, nor was the decision not to pay overtime made in good faith.  Accordingly, Plaintiff is entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VII.   JURY DEMAND

15. Plaintiff demands a trial by jury.

## VIII.   RELIEF SOUGHT

16. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

   b. For an Order awarding Plaintiff the costs of this action;

   c. For an Order awarding Plaintiff his attorneys' fees;

   d. For an Order awarding Plaintiff unpaid benefits and compensation in connection with the FLSA violations;

   e. For an Order awarding Plaintiff pre- and post-judgment interest at the highest rates allowed by law;

   f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    **Michael A. Josephson**
    Fed. Id. 27157
    State Bar No. 24014780
    **Lindsay R. Itkin**
    Fed Id. 1458866
    State Bar No. 24068647
    **Andrew W. Dunlap**
    Fed Id. 1093163
    State Bar No. 24078444
    **Jessica M. Bresler**
    Fed Id. 2459648
    State Bar No. 24090008
    **FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON**
    1150 Bissonnet
    Houston, Texas 77005
    713-751-0025 – Telephone
    713-751-0030 – Facsimile
    mjosephson@fibichlaw.com
    litkin@fibichlaw.com
    adunlap@fibichlaw.com
    jbresler@fibichlaw.com

    **AND**

    **Richard J. (Rex) Burch**
    Fed. Id. 21615
    State Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**